IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

MONDAY AGHO, natural daughter,
wrongful death beneficiary, and
Administratrix of the Estate of                                          PLAINTIFF
CHRISTIANA OSIFO

V.                                                                  NO. 16-138

UNITED AIRLINES, INC.;
CHARLES WILLIAMS;
BRAD JONES;
MARY NELSON;
LINDA BLACKMON;
DONNA THOMAS; and
DEFENDANTS A - M                                                    DEFENDANTS

FILED
FEB 26 2016
ZACK WALLACE, CIRCUIT CLERK
BY _____

COMPLAINT FOR DISCOVERY AND OTHER RELIEF
Jury Trial Requested

Plaintiff, Monday Agho, natural daughter, wrongful death beneficiary, and Administratrix of the Estate of Christiana Osifo, files this her cause of action against the Defendants, (United Airlines, Inc.; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas; and Defendants A - M), and alleges the following:

PARTIES

1.    Plaintiff, Monday Agho, natural daughter, wrongful death beneficiary, and Administratrix of the Estate of Christiana Osifo, is an adult resident citizen of the First Judicial District of Hinds County, Mississippi.

2.    Defendant, United Airlines, Inc., hereinafter referred to as ("United Airlines"), is a company organized and existing under the laws of the State of Delaware, with a principal place of business located at 233 S. Wacker Dr., 14th Floor, Chicago, Illinois 60606. United Airlines is doing business in the State of Mississippi; and has designated CT Corporation System, as its registered

**EXHIBIT "A"**

agent for service of process. CT Corporation Systems may be served with process of the Court at its address of 645 Lakeland East Drive, Flowood, Mississippi 39232.

3. Defendant, Charles Williams, was the Captain and pilot in command of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. The name and address of the Defendant, Captain, and pilot in command of United Airlines flight UA 142 is unknown and unidentified at this time and this Complaint will be amended to include the full name and address of the Captain and pilot in command of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. Defendant, Charles Williams, is named as a fictitious Defendant and the true name and address of the Captain and pilot in command of United Airlines flight UA 142 will be substituted for Charles Williams the fictitious name of the Captain and pilot in command.

4. Defendant, Brad Jones, was the Co-pilot of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. The name and address of the Defendant and Co-pilot of United Airlines flight UA 142 is unknown and unidentified at this time and this Complaint will be amended to include the full name and address of the Co-pilot of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. Defendant, Brad Jones, is named as a fictitious Defendant and the true name and address of the Co-pilot of United Airlines flight UA 142 will be substituted for Brad Jones the fictitious name of the Co-pilot.

5. Defendant, Mary Nelson, was the chief flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. The name and address of the Defendant and chief flight attendant of United Airlines flight UA 142 is unknown

and unidentified at this time and this Complaint will be amended to include the full name and address of the chief flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. Defendant, Mary Nelson, is named as a fictitious Defendant and the true name and address of the chief flight attendant of United Airlines flight UA 142 will be substituted for Mary Nelson the fictitious name of the chief flight attendant.

6. Defendant, Linda Blackmon, was a flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. The name and address of the Defendant and flight attendant of United Airlines flight UA 142 is unknown and unidentified at this time and this Complaint will be amended to include the full name and address of the flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. Defendant, Linda Blackmon, is named as a fictitious Defendant and the true name and address of the flight attendant of United Airlines flight UA 142 will be substituted for Linda Blackmon the fictitious name of the flight attendant.

7. Defendant, Donna Thomas, was a flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. The name and address of the Defendant and flight attendant of United Airlines flight UA 142 is unknown and unidentified at this time and this Complaint will be amended to include the full name and address of the flight attendant of United Airlines flight from George Bush Intercontinental Airport in Houston, Texas to Murtala Muhammed, Lagos. Defendant, Linda Blackmon, is named as a fictitious Defendant and the true name and address of the flight attendant of United Airlines flight UA 142 will be substituted for Linda Blackmon the fictitious name of the flight attendant.

3

8. Defendants A-M and Defendants, Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas, are corporations, individuals, and entities some of whom have their principal places of business, or their residences, in the State of Mississippi, and who are unidentified and unknown to the Plaintiff at the time. Plaintiff intends to file an Amended Complaint and name and serve Defendants A-M and Defendants, Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas, once their identities are learned and their liabilities are ascertained by the Plaintiff.

## COUNT I

9. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

10. Plaintiff is entitled, and brings this her Complaint for Discovery and Other Relief, requesting the Defendants to produce the following:

   a. any and all reports, statements, documents, and/or medical records concerning Ms. Osifo; the flight in question: the accident in question; the cause of the death of Ms. Osifo and the circumstances of the death of Ms. Osifo; and the official autopsy performed on Ms. Osifo.

11. Plaintiff would show that this is a meritorious case for the enforcement of civil rights and property rights and Plaintiff has suffered damages as a result of Defendants' negligence. Plaintiff filed this matter to investigate the death of Ms. Osifo and to pursue a recovery for damages from all responsible parties.

12. Plaintiff would show that the discovery is of or for writings, things, relevant information, and documents, which are exclusively within the knowledge, power, and custody of the Defendants.

4

13. Plaintiff would show that this information and documents are not within the reasonable reach of the Plaintiff to obtain without the aid of the discovery prayed for herein. Plaintiff requested these documents and things in writing on multiple occasions, but the requests have been refused or ignored.

14. Plaintiff would show that these requested documents are indispensable to the ends of full and exact justice and the requested documents, circumstances surrounding the accident that caused the death of Ms. Osifo; the circumstances of the death of Ms. Osifo; and the negligence of the Defendants are necessary for the Plaintiff to inspect and copy documents in order to pursue her case. Plaintiff is entitled to all electronic data, e-mails, reports, autopsies, logs, correspondence, notes of telephone conversations or other writings which are in existence since these documents and things are necessary for the Plaintiff to have a factual summary of the accident in question.

15. The documents, information, and items requested in discovery herein are direct evidence related to potential Defendants and claims of the Plaintiff, arising out of the accident in question and the death of Plaintiff's decedent.

16. As set forth herein, Plaintiff would show that the requests have been made of the Defendants to produce the information, documents, and things sought herein; and that the Plaintiff has been diligent and made reasonable requests to obtain the information, documents and things. The Plaintiff would further show that Defendants have ignored all requests for information, documents, and things and the requested information, documents, and things have not been provided and have been withheld.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands Judgment of and from the Defendants, jointly and severally, requiring the Defendants to produce all of the documents,

things, and information requested in this Count I within the time and manner required by law. Additionally, Plaintiff prays for such other relief, both general and specific, to which the Plaintiff may be entitled, or the Court deems to be just and appropriate, and which are necessary to achieve equity in this matter.

## COUNT II

17. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of the Complaint the same as though specifically set out herein again.

18. Defendant, United Airlines, entered into a contract with Christiana Osifo in the First Judicial District of Hinds County, Mississippi, and the contract was to be performed in whole or in part in the First Judicial District of Hinds County, Mississippi, and the breaches and failure to warn occurred in whole or in part in the First Judicial District of Hinds County, Mississippi, thereby making venue proper in the First Judicial District of Hinds County, Mississippi.

19. Christiana Osifo, prior to March 3, 2014, planned to visit her family in Lagos, Nigeria. Ms. Osifo searched for the best flights from her home in Jackson, Mississippi, to Lagos, Nigeria. Ms. Osifo, after reviewing all of the possible flights for her trip, selected Best Travel Store, Inc. through which to purchase the ticket and selected the United Airlines flights from Jackson, Mississippi, to Lagos, Nigeria. Ms. Osifo purchased her airline ticket to Lagos, Nigeria at a cost of $862.00 from the agent, Best Travel Store, Inc. Best Travel Store, Inc., at all relevant times, was representing United Airlines.

20. Ms. Osifo boarded her first flight at the Jackson International Airport, Jackson, Mississippi; checked in; and obtained her boarding pass, which provided her with air transportation from Jackson, Mississippi, to George Bush Intercontinental Airport in Houston, Texas and her ticket

6

'Case: 25CI1:16-cv-00138-WLK    Document #: 1    Filed: 02/26/2016    Page 7 of 15

which provided her itinerary from Houston, Texas to Lagos, Nigeria. Ms. Osifo arrived safely and without any problems in Houston, Texas. Ms. Osifo checked in with the family and she was feeling well and excited about her trip to Lagos. Plaintiff's decedent, Ms. Osifo, when she departed Houston, Texas, on United Airlines flight UA 142 was feeling well and did not have any medical problems.

21. Ms. Osifo traveled on the United flight in a lawful and proper manner when suddenly and without warning an accident occurred causing or contributing to Ms. Osifo's death. On the occasion in question, the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas; and/or other members of the flight crew on United Airlines flight UA 142 from Houston, Texas to Lagos, Nigeria, were negligent, and their negligence was a contributing proximate cause of Ms. Osifo's accident and subsequent death. The United Airlines aircraft landed at Murtala Muhammed Airport in Lagos, Nigeria and Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas; and/or other members of the flight crew turned Ms. Osifo's body over to family members in Lagos without any explanation as to the accident on board or Ms. Osifo's death.

22. On the occasion in question, the accident and the subsequent death of Plaintiff's decedent was a contributing proximate result of the negligence of the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; Donna Thomas; and/or other members of the flight crew on United Airlines flight UA 142 from Houston, Texas to Lagos, Nigeria, and as a result thereof the Plaintiff is entitled to her damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendant from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

7

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, jointly and severally, for Plaintiff's decedent' damages and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## COUNT III

23. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

24. Defendants, United Airlines; Charles Williams; and Brad Jones, had complete control over the aircraft, the altitude of the aircraft, the cabin pressure, the pressure altitude of the cabin, the pressurized altitude within the cabin of the United Airlines aircraft, the activities that occurred in the cabin, and the treatment of the Plaintiff's decedent from the time of her injuries in the accident in question until her death. In addition, Defendants, United Airlines; Mary Nelson; Linda Blackmon; and Donna Thomas, had complete control over the temperature and airflow in the aircraft; the bacteria that was circulated in the passenger cabin of the aircraft; the pressure altitude; the adjusted pressure altitude; the actual pressure within the cabin of the United Airlines aircraft; the activities that occurred in the aircraft; and the treatment of Plaintiff's decedent from the time of her injuries in the accident until her death and essentially every thing that occurred in the cabin of the aircraft from take-off to landing. Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, were negligent because an accident and subsequent death such

as the death that occurred to Ms. Osifo does not occur without an accident and in the absence of negligence.

25. Plaintiff is entitled to her damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, for Plaintiff's decedent' damages and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendant from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

COUNT IV

26. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

27. On the occasion in question, Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, were negligent and grossly and willfully negligent by failing to disclose any useful information whatsoever to the Plaintiff and/or to Ms. Osifo's family members. Monday Agho was advised by Ms. Osifo that she was in good health and doing well when she left Houston, Texas and Plaintiff, Monday Agho, was in shock when she was told by relatives in Lagos that Ms. Osifo passed away on the flight. Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, instead of making some effort to avoid and/or prevent the accident in question and instead of making an investigation into the accident that caused Ms. Osifo's death and/or the cause of death of Ms. Osifo;

9

turned the body over to individuals who were represented to be family members of Ms. Osifo in Lagos, Nigeria. The Defendants, (United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas), turned Ms. Osifo's body over to relatives without any explanation as to how the accident occurred. The Defendants, (United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas), negligently failed to conduct an autopsy and/or see that an autopsy was performed to determine what negligence occurred and how the negligence of the Defendants caused or contributed to Ms. Osifo's death. Defendants, (United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas), failed in all regards to provide the Plaintiff or Ms. Osifo's family members with any information about how the accident occurred; the cause of her death; and/or any circumstances about the death and/or disposal of Ms. Osifo's body.

28. As aforesaid, Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, willfully abandoned their duties to Plaintiff and Plaintiff's decedent; ICAO; IATA; the FAA; the NTSB; and other agencies by failing to report the accident and death in flight of Ms. Osifo. Defendants also immediately left the decedent's body with family members who were waiting to meet the aircraft, but were unprepared to accept and deal with the body of Plaintiff's decedent. The Plaintiff and attorneys hired by the Plaintiff, have requested (on numerous occasions), information and details on the accident and the death of Ms. Osifo from United Airlines. A copy of Plaintiff's attorney's letters, which went ignored and unanswered, are attached hereto as Exhibit "A" and incorporated herein by reference. Defendants', (United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas), negligence caused the accident and the damages to Plaintiff's decedent by their willful negligent conduct during the flight

10

in question and by their failure to provide information about Ms. Osifo, the accident she was involved in, the cause of her death, and the condition of her body. The gross and willful negligence of Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, is inexcusable, and Plaintiff is entitled to her damages for mental anguish and other damages for Defendants', United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, gross and willful negligence and utter disregard for human life. Further, the Plaintiff is entitled to punitive damages in a sum sufficient to deter Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, from such reckless and oppressive conduct and uncaring attitude in the future.

29. Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, breached state, federal, and international rules, regulations, and laws and said breaches caused or contributed to the cause of Plaintiff's damages and the accident. United Airlines also failed to report the accident; failed to treat Ms. Osifo; negligently treated Ms. Osifo; failed to prevent the death of Ms. Osifo; and failed to correspond with the Plaintiff's, Ms. Osifo, family members, and others about the accident involving Plaintiff's decedent and about the death of Plaintiff's decedent. The Defendants were negligent in their treatment of Ms. Osifo; failing to fill out accident reports; and failing to have an autopsy performed.

30. Plaintiff demands Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, for Plaintiff's decedent's damages from the time of the accident until the time of her death; and Plaintiff's damages after Ms. Osifo's death in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the

Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, jointly and severally, for the accident, Defendants' negligence, and negligent failure to treat the Plaintiff's decedent and the Plaintiff's decedent' damages and death and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

### COUNT V

31. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

32. Plaintiff's decedent, Christiana Osifo, entered into a contract with United Airlines for safe, reliable, and accident-free travel from Jackson, Mississippi, to Lagos, Nigeria. The Defendant, United Airlines, breached its contracts or agreements with Plaintiff's decedent, and as a result of United Airlines' breaches of contract, the Plaintiff's decedent and the Plaintiff suffered damages.

33. On the occasion in question, Christiana Osifo paid all the sums requested of her to United Airlines and she performed all the obligations and duties in accordance with the contract or agreement. A copy of Plaintiff's decedent's travel itinerary and ticket is attached hereto as Exhibit "B" and incorporated herein by reference.

34. As a result of United Airlines' breaches of contracts and agreements the Plaintiff's decedent sustained damages from the time of the accident until the time of her death; and Plaintiff

12

sustained damages after Plaintiff's decedent's death in the amount of at least $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airline, for Plaintiff's decedent' damages and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## COUNT VI

35. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

36. Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, were grossly and willfully negligent for spoilating documents; failing to preserve documents; failing to preserve Ms. Osifo's body; and failing to have an autopsy performed. Defendants also failed to produce documents in accordance with state, federal, and international laws, and as a result thereof, the Plaintiff is entitled to a negligence presumption that the documents that were destroyed and/or not preserved by United Airlines would have been adverse to the Defendants, and would have verified the negligent conduct of the Defendants.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, for Plaintiff's decedent' damages and Plaintiff's damages in the sum

13

of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendant from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

## AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands Judgment of and from the Defendants, jointly and severally, requiring the Defendants to produce all of the documents, things, and information requested in this Count within the time and manner required by law. Additionally, Plaintiff prays for such other relief, both general and specific, to which the Plaintiff may be entitled, or the Court deems to be just and appropriate, and which are necessary to achieve equity in this matter.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, for Plaintiff's decedent' damages and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendant from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendants, United Airlines; Charles Williams; Brad Jones; Mary Nelson; Linda Blackmon; and Donna Thomas, jointly and severally, for the accident, Defendants' negligence, and negligent failure to treat the Plaintiff's decedent and the Plaintiff's decedent' damages and death and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

WHEREFORE PREMISES CONSIDERED, Plaintiff moves the Court for Judgment of and from the Defendant, United Airlines, for Plaintiff's decedent' damages and Plaintiff's damages in the sum of $975,000.00; plus punitive damages in a sum sufficient to deter the Defendants from such reckless and oppressive conduct in the future; prejudgment interest; post judgment interest; and all costs.

Respectfully submitted, this the 26TH day of February, 2016.

PLAINTIFF

By: _____
WAYNE E. FERRELL, JR.

Wayne E. Ferrell, Jr., Esq.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

Vikki J. Taylor, Esq.
Attorney at Law
1400 Meadowbrook Road, Suite 100
Jackson, Mississippi 39211
(601) 927-5503